UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JEFFERY DARENSBOURG**                    **CIVIL ACTION**

**VERSUS**                                 **NO. 16-16621**

**MARK SULLIVAN, ET AL**                   **SECTION "L" (4)**

## ORDER & REASONS

Before the Court is Plaintiff's Motion to Remand. R. Doc. 6. Having reviewed the parties' briefs and the applicable law, the Court now issues this Order & Reasons.

I.   BACKGROUND

On July 8, 2016, Plaintiff Jeffery Darensbourg filed suit in Orleans Parish Civil District Court to recover damages for injuries stemming from a collision between Plaintiff's bicycle and Defendant Mark Sullivan's automobile on July 15, 2015. Plaintiff alleges he was riding his bicycle eastbound on Decatur Street in New Orleans, Louisiana when Defendant, traveling eastbound in his vehicle, struck Plaintiff. R. Doc. 1-7 at 1-2. Plaintiff claims Defendant acted negligently by failing to maintain a proper lookout, pay attention to his surroundings and traffic conditions, and observe due caution. Plaintiff avers he suffered bodily injuries and other damages as a result of Defendant's negligence. R. Doc. 1-7 at 2. Plaintiff seeks damages for past and future pain and suffering and medical expenses, as well as property damage, loss of earnings, and loss of enjoyment of life. R. Doc. 1-7 at 3. Defendant Safeco was Sullivan's liability insurer, and Plaintiff seeks to hold Defendants liable jointly, severely, and *in solido* for damages sustained as a result of the collision. R. Doc. 1-7 at 2.

II.  **PRESENT MOTION**

On December 27, 2016, Plaintiff filed the present motion to remand, arguing that this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332(a) as the amount in controversy does not exceed $75,000. R. Doc. 6-1 at 1. In the motion, Plaintiff certified that the amount in controversy is $75,000 or less and renounced his right to enforce a judgment that is greater than $75,000. R. Doc. 6-1 at 2. Defendants have not filed an opposition to Plaintiff's motion.

III.  **LAW AND ANALYSIS**

Defendants have not opposed Plaintiff's Motion to Remand, R. Doc. 6, which was set for submission on January 18, 2017. Accordingly, this motion is deemed to be unopposed. The Court nonetheless reviewed Plaintiff's arguements and the applicable law.

A defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the issue. 28 U.S.C. § 1441(a). A federal court has original jurisdiction over cases involving complete diversity of citizenship among the parties where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a). The removing party bears the burden of proving that a district court has jurisdiction over a matter. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

In this case, complete diversity exists and the only issue is sufficient jurisdictional amount. R. Doc. 6-1 at 2. Because plaintiffs in Louisiana state courts may not specify the numerical value of a damage claim, the Fifth Circuit Court of Appeals has established an analytic framework for resolving jurisdictional disputes over the amount in controversy when, as here, the Plaintiff does not assert the amount of monetary damages. *Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999). A defendant removing an action to federal court on basis of diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.* If

a defendant satisfies this burden, the plaintiff must then prove "to a legal certainty" that the claim is less than $75,000. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). If the amount in controversy is ambiguous at the time of removal, the Court may consider a post-removal stipulation only to determine the amount in controversy as of the date of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

In this case, Defendants stated in their removal petition that the damages in this case were reasonably expected to be in excess of $75,000. Although Plaintiff did not stipulate prior to removal that his claim was less than $75,000, in the present motion he explains that his damages are less than $75,000. The Court may consider a post-removal stipulation to determine the amount in controversy as of the date of removal. *Gebbia*, 233 F.3d at 883. Because Plaintiff did not detail his injuries or expected medical costs, the amount of damages requested in the initial petition are ambiguous; his post-removal stipulation demonstrates that the amount in controversy is not satisfied in this case, which is not contested. Therefore this matter is not properly before the Court.

## IV. CONCLUSION

For the aforementioned reasons, **IT IS ORDERED** that Plaintiff's Motion to Remand, R. Doc. 6, is shall be **GRANTED**.

New Orleans, Louisiana, this 25th day of January, 2017.

_____
UNITED STATES DISTRICT JUDGE